UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 23-CV-557 |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| LOGAN SQUARE ALUMINUM SUPPLY, Inc., | ) | Magistrate: |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The United States of America, by and through the undersigned attorneys, by authority of the Attorney General and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## NATURE OF ACTION

1. This is a civil action brought against Logan Square Aluminum Supply, Inc. ("Logan Square" or "Defendant") for violations of Sections 402(c), 406(b), and 407 of Title IV of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §§ 2682(c), 2686(b), and 2687, and the regulations promulgated thereunder, codified at 40 C.F.R. Part 745, Subpart E (the Residential Property Renovation Rule also known as the Renovation, Repair, and Painting Rule or "RRP Rule").

The RRP Rule and the similar provisions in EPA-authorized states are intended to ensure that owners and occupants of target housing and child-occupied facilities receive information on lead-based paint hazards before renovations begin, that individuals performing such renovations are properly trained and certified, and that specified work practices are followed during the renovations to reduce the potential for lead-based paint exposure.

2. The United States seeks an injunction ordering Defendant to comply with TSCA and its implementing regulations.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355; Section 17 of TSCA, 15 U.S.C. § 2616; and over the parties to this action.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 1395(a), because the Defendant resides in the Northern District of Illinois.

## DEFENDANT

5. Defendant is a corporation with a place of business in Chicago, Illinois. Defendant is a parent corporation of 11 companies that manufacture window components, engage in retail sale of hardware and household appliances, and perform general construction/renovation of properties.

## STATUTORY AND REGULATORY BACKGROUND

6. In 1992, Congress enacted the Residential Lead-Based Paint Hazard Reduction Act, Pub. L. 102-550 (October 28, 1992; 106 Stat. 3910), also referred to as Title X of the Housing and Community Development Act of 1992. This law amended TSCA by adding a new Subchapter IV, entitled "Lead Exposure Reduction."

7. EPA has promulgated regulations to implement Subchapter IV of TSCA. The RRP Rule is codified at 40 C.F.R. Part 745, Subpart E. The rule addresses the risk of lead exposure that can occur during property renovations by ensuring that owners and occupants of target housing (i.e., housing built prior to 1978) and child-occupied facilities are informed of lead-based paint hazards before renovations begin and by establishing training and certification requirements and work practice standards for certain renovations performed for compensation in target housing and in child-occupied facilities.

8. The RRP Rule requires renovators or firms that perform renovations of pre-1978 housing for compensation to provide a lead-hazard information pamphlet entitled "Renovate Right: Important Lead Hazard Information for Families, Child Care Providers, and Schools" to the owner and occupant of such housing prior to commencing the renovation. 40 C.F.R. § 745.81(b). Among other things, the pamphlet describes "the risks of lead exposure for children under 6

years of age, pregnant women, women of childbearing age, persons involved in home renovation, and others residing in a dwelling with lead-based paint hazards; [and] describe the risks of renovation in a dwelling with lead-based paint hazards . . . ." 15 U.S.C. § 2686(a).

9. The RRP rule requires firms performing renovations to provide the following information:

- For renovations in residential dwelling units of target (i.e., pre-1978) housing, no more than 60 days before beginning renovation activities the renovator must provide the owner with the lead-hazard information pamphlet and either obtain a written acknowledgement that the owner received the pamphlet or obtain a certificate of mailing at least 7 days prior to the renovation. 40 C.F.R. § 745.84(a)(1).
- If the owner does not occupy the dwelling unit, no more than 60 days before beginning renovation activities the renovator must also provide an adult occupant of the unit with the pamphlet. The renovator must obtain, from the adult occupant, a written acknowledgement that the occupant has received the pamphlet or certify that the pamphlet was delivered to the dwelling and the renovator was unsuccessful in obtaining an acknowledgement. Alternatively, the renovator may

obtain a certificate of mailing at least 7 days prior to the renovation. 40 C.F.R. § 745.84(a)(2).

- For renovations in common areas of multi-unit target housing, no more than 60 days before beginning renovation activities the renovator must either notify each affected unit and make the pamphlet available upon request prior to beginning the renovation, or, while the renovation is ongoing, post informational signs describing the nature and locations of the renovation and the expected completion date. 40 C.F.R. § 745.84(b)(2).

- For renovations in common areas of multi-unit target housing, no more than 60 days before beginning renovation activities the renovator must prepare, sign, and date a statement describing the steps performed to notify all occupants of the renovation activities and to provide the pamphlet. 40 C.F.R. § 745.84(b)(3).

- For renovations in child-occupied facilities, no more than 60 days before beginning renovation activities the renovator must prepare, sign, and date a statement describing the steps performed to notify parents and guardians of the intended renovation activities and to provide the pamphlet. 40 C.F.R. § 745.84(c)(3).

10. The RRP Rule requires that all renovations for compensation of target (i.e., pre-1978) housing and child-occupied facilities be performed by certified firms. 40 C.F.R. § 745.89(a)(2)(i). In addition, each renovation project covered by the RRP Rule must be performed and/or directed by an individual who has become a certified renovator by successfully completing renovator training from an accredited training provider. 40 C.F.R. § 745.90(a). The certified renovator is responsible for ensuring compliance with the work practice standards set forth in the regulations and must perform or direct certain critical tasks during the renovation, such as posting warning signs, establishing containment of the work area, and cleaning the work area after the renovation. 40 C.F.R. § 745.90(b).

11. The RRP Rule requires firms performing renovation activities to erect vertical containment or equivalent precautions in containing the work area to ensure that dust and debris from the renovation does not contaminate or migrate to adjacent buildings. 40 C.F.R. § 745.85(a)(2)(ii)(D). In addition, waste from renovation activities must be contained to prevent releases of dust and debris before the waste is removed from the work area. 40 C.F.R. § 745.85(a)(4)(i). The certified renovator is responsible for collecting all paint chips and debris and sealing this material in a heavy-duty bag after the renovation has been completed. 40 C.F.R. § 745.85(a)(5)(i)(A).

12. The RRP Rule requires firms performing renovation activities to keep certain records. Among the recordkeeping requirements are the following:

- 40 C.F.R. § 745.84(a)(2) provides that: "No more than 60 days before beginning renovation activities in any residential dwelling unit of target housing, the firm performing the renovation must (i) obtain, from the owner, a written acknowledgment that the owner has received the pamphlet or ii) obtain a certificate of mailing at least 7 days prior to the renovation."

- 40 C.F.R. § 745.86(b)(6) provides that certain records must be retained, including: "Documentation of compliance with the requirements of § 745.85, including documentation that a certified renovator was assigned to the project, that the certified renovator provided on-the-job training for workers used on the project, that the certified renovator performed or directed workers who performed all of the tasks described in § 745.85(a), and that the certified renovator performed the post-renovation cleaning verification described in § 745.85(b)."

- 40 C.F.R. § 745.87(b) provides that failure to establish and maintain records or to make available or permit access to or copying of records,

as required by this subpart, is a violation of Sections 15 and 409 of TSCA (15 U.S.C. §§ 2614 and 2689).

13. The RRP Rule, at 40 C.F.R. § 745.89(d)(3), requires firms performing renovations to ensure use of the Lead Safe Work Practices specified in Section 745.85, including the requirement that the renovation be performed by a certified firm.

14. Violation of a rule issued under Subchapter IV of TSCA is a prohibited act under Section 409 of TSCA, 15 U.S.C. § 2689.

15. Section 17(a) of TSCA, 15 U.S.C. § 2616(a), provides district courts with jurisdiction to restrain any violation of Section 409 of TSCA and compel the taking of any action required by or under TSCA, 15 U.S.C. § 2689.

## GENERAL ALLEGATIONS

16. Defendant is a "person" and a "firm" within the meaning of 40 C.F.R. § 745.83.

17. Defendant contracts with its customers to perform compensated renovations of target (i.e., pre-1978) housing in the United States, including the installation of products such as windows and cabinets.

18. Defendant enters into contracts with other renovation firms to perform the renovations on Defendant's behalf for Defendant's customers.

## FIRST CLAIM FOR RELIEF

## (Failure to Meet Information Distribution Requirements)

19. The foregoing allegations are re-alleged and incorporated by reference.

20. Defendant performed contracted renovations at single-family dwellings and multi-family dwellings as described in Exhibit A, Line Nos. 1, 11-16, 20-22, 25-26, 28-30, 42, 44-45, 47-49, 52, 55, 59-60, 63-67, 71, 73-74, 76-78, 81-82, 84-85, 87-88, 91-94, 97, 99-100, 105, 116, 131-133, 135, 143, 145, 146, 151-153, 155-156, 158, 188, 190, 202, and 204, without following certain information distribution requirements set forth in 40 C.F.R. § 745.84(a)(1), including obtaining either a written acknowledgment from each owner that the owner had received the pamphlet or obtaining a certificate of mailing at least seven days prior to the contracted renovations.

21. Defendant performed contracted renovations at target housing units in multi-family dwellings as described in Exhibit A, Line Nos. 24, 31-41, 43, 50-51, 53, 56, 62, 69-70, 72, 83, 95, 161-164, 166-171, 173-178, 180-182, 193, 195, and 206, without following certain information distribution requirements set forth in 40 C.F.R. § 745.84(a)(2). Defendant failed to obtain from each adult occupant the written acknowledgment that each occupant had received the pamphlet, or obtain

for each location a certificate of mailing at least seven days prior to each contracted renovation.

22. Defendant performed contracted renovations in common areas at a multi-family dwelling as described in Exhibit A, Line Nos. 124, 172, and 179 without following certain information distribution requirements set forth in 40 C.F.R. § 745.84(b)(2), including distributing written notifications to the occupants in the affected units prior to the renovation or posting informational signs in areas likely to be seen by occupants while the renovation was ongoing.

23. Defendant performed contracted renovations in three different common areas at a single location of multi-family dwelling as described in Exhibit A, Line Nos. 124, 172, and 179 without following certain information distribution requirements set forth in 40 C.F.R. § 745.84(b)(3), including preparing, signing, and dating statements describing the steps performed to notify all occupants of the intended renovation activities in each of the common areas of the multi-family housing and to provide the pamphlet.

24. Defendant performed a contracted renovation at a child daycare center described in Exhibit A, Line No. 107, without following certain information distribution requirements set forth in 40 C.F.R. § 745.84(c)(3), including preparing, signing and dating a statement describing the steps performed to notify

all parents or guardians of children frequenting the child daycare center of the intended renovation activities and to provide the pamphlet.

25.     Defendant violated Section 409 of TSCA and its implementing regulations by failing to comply with the information distribution requirements set forth in 40 C.F.R. § 745.84(a)(1) and (2), 40 C.F.R. § 745.84(b)(2) and (3), 40 C.F.R. § 745.84(c)(3), 40 C.F.R. § 745.87(a), and 15 U.S.C. § 2689.

26.     As provided in Sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 & 2689, the violations set forth above subject Defendant to injunctive relief.

## SECOND CLAIM FOR RELIEF

### (Violations of Work Practice Standards)

27.     The foregoing allegations are re-alleged and incorporated by reference.

28.     Defendant performed renovations at a multi-family dwelling described in Exhibit A, Line Nos. 162 to 182, without following certain work practice requirements set forth in 40 C.F.R. § 745.85(a)(2)(i)(A) and (D), including requirements to collect all paint chips and debris, and seal these materials in a heavy-duty bag without dispersing any of it, removing certain items during renovations, and cleaning work areas after renovations at compensated renovations.

29. Defendant performed renovations at a multi-family dwelling described in Exhibit A, Line Nos. 162 to 182, without following certain work practice requirements set forth in 40 C.F.R. § 745.85(a)(4)(i), including containing the waste from the renovation activities to prevent releases of dust and debris before the waste was removed from the work area for storage or disposal.

30. Defendant performed renovations at a multi-family dwelling described in Exhibit A, Line Nos. 162 to 182, without following certain work practice requirements set forth in 40 C.F.R. § 745.85(a)(2)(ii)(D), including erecting vertical containment or equivalent extra precautions in containing the work area to ensure that dust and debris from the contracted renovation activities did not contaminate other buildings, other areas of the property, or adjacent buildings or properties.

31. Defendant violated Section 406(b) of TSCA and its implementing regulations by failing to comply with the work practice standards set forth in 40 C.F.R. § 745.85(a)(2)(i)(A) and (D), 40 C.F.R. § 745.85(a)(4)(i), 40 C.F.R. § 745.85(a)(2)(ii)(D), and 40 C.F.R. § 745.85(a)(2)(ii)(C).

32. As provided in Sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 & 2689, the violations set forth above subject Defendant to injunctive relief.

## THIRD CLAIM FOR RELIEF

**(Failure to Ensure that all Individuals Working on Behalf of the Firm are either Certified Renovators or Trained by a Certified Renovator)**

33. The foregoing allegations are re-alleged and incorporated by reference.

34. Respondent performed contracted renovations in 66 locations of single-family dwellings, 28 target housing units located in 23 locations of multi-family dwellings, and a child daycare center described in Exhibit A, Lines Nos. 1-6, 11, 13-14, 16, 18-23, 25, 27-28, 43, 47, 50, 53-55, 58, 61, 63, 68-70, 72, 74-75, 78, 80, 82, 85, 86, 90, 93-94, 97-98, 101-102, 105, 107-111, 113, 115, 117-120, 122-124, 126-130, 143, 146, 148-149, 151, 154-156, 158-161, 183-184, 186-189, 193-195, 197-198, 200-201, 204-207, and failed to ensure that all individuals working on behalf of the firm were either certified renovators or had been trained by a certified renovator in accordance with 40 C.F.R. § 745.90.

35. Respondent's failure to ensure that all individuals working on behalf of the firm were either certified renovators or had been trained by a certified renovator in accordance with 40 C.F.R. § 745.90 for the contracted renovations at 66 locations of single-family dwellings, 28 target housing units located in 23 locations of multi-family dwellings, and a child daycare center described in Exhibit A, Lines Nos. 1-6, 11, 13-14, 16, 18-23, 25, 27-28, 43, 47, 50, 53-55, 58, 61, 63, 68-70, 72, 74-75, 78, 80, 82, 85, 86, 90, 93-94, 97-98, 101-102, 105, 107-111, 113,

115, 117-120, 122-124, 126-130, 143, 146, 148-149, 151, 154-156, 158-161, 183-184, 186-189, 193-195, 197-198, 200-201, 204-207, constitutes 95 violations of 40 C.F.R. § 745.89(d)(1), 40 C.F.R. § 745.87(a), and 15 U.S.C. §§ 2616 & 2689.

36. As provided in Sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 & 2689, the violations set forth above subject Defendant to injunctive relief.

## FOURTH CLAIM FOR RELIEF

### (Failure to Retain Records)

37. The foregoing allegations are re-alleged and incorporated by reference.

38. Defendant performed compensated renovations at target (i.e., pre-1978) housing at the renovations identified in Exhibit A without complying with the recordkeeping requirements at 40 C.F.R. § 745.86(b)(6), specifically: documentation of compliance with the work practice standards in 40 C.F.R. § 745.85; documentation that a certified renovator was assigned to the project; documentation that the certified renovator provided on-the-job training for workers used on the project; documentation that the certified renovator performed or directed workers who performed all the tasks described in 40 C.F.R. § 745.85(a); and documentation that the certified renovator performed the post-renovation cleaning verification described in 40 C.F.R. § 745.85(b).

39. Defendant's failure to retain the records to demonstrate compliance with RRP requirements at renovations identified in Exhibit A violated 40 C.F.R. § 745.86(b)(6), 40 C.F.R. § 745.87(a), Sections 402(c), 406(b), and 407 of TSCA and 15 U.S.C. §§ 2616 & 2689.

40. As provided in Sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 & 2689, the violations set forth above subject Defendant to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court:

i. Issue a judgment finding that Defendant failed to comply with TSCA and its implementing regulations;

ii. Issue an order requiring that Defendant comply with TSCA and its implementing regulations;

iii. Provide for any and all other relief that this Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES

TODD S. KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ James D. Freeman*
JAMES D. FREEMAN
PEDRO SEGURA
Trial Attorneys
Environmental Enforcement Section
United States Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1489
Fax: (303) 844-1350
james.freeman2@usdoj.gov


JOHN R. LAUSCH, JR.
United States Attorney

JONATHAN C. HAILE
Assistant United States Attorney
Northern District of Illinois
219 S. Dearborn St., 5th Floor
Chicago, Illinois 60604
Tel: (312) 886-2055
Fax: (312) 469-6135
jonathan.haile@usdoj.gov